**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**ALEX ANSELMO,**

                         **Plaintiff,**

  vs.                                            9:20-CV-1460
                                                        (MAD/ATB)

**NICHOLAS MEHALICK, T. PORLIER, T.
LEMERY, MARTIN, and STOLTZ,**

                        **Defendants.**

_____

**APPEARANCES:**                               **OF COUNSEL:**

**COOK, NETTER, CLOONAN, KURTZ**     **JOHN CORNELIUS BURNS, ESQ.**
**& MURPHY, P.C.**
85 Main Street
Kingston, New York 12402
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**           **STEVE NGUYEN, AAG**
**STATE ATTORNEY GENERAL**         **MICHAEL G. MCCARTIN, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that on January 22, 2018, Defendants assaulted him in violation of the Eighth Amendment. *See* Dkt. No. 1 at 3-4, 7. Plaintiff further alleges that Defendants' assault was motivated by his ethnicity and his conviction for sex crimes, in violation of the Equal Protection Clause of the Fourteenth Amendment. *See id.* at 7.

Trial is scheduled to commence on April 3, 2023.  In advance of trial, Defendants have moved *in limine* to admit and/or preclude certain evidence.  *See* Dkt. No. 68.  Specifically, Defendants seek the following relief: (1) to admit evidence of Plaintiff's criminal convictions pursuant to Rule 609(a)(1); (2) to preclude evidence or argument of a conspiracy; (3) to preclude evidence of Plaintiff's disciplinary determinations; and (4) to preclude evidence or argument regarding alleged missing body camera footage.  Plaintiff has not opposed Defendants' motion.

As set forth below, Defendants' motion is granted in part.

## II. DISCUSSION

**A.     Motions *in limine***

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998).  Courts considering motions *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer."  *Luce*, 469 U.S. at 41-42.

**B.     Plaintiff's Criminal Convictions**

Defendants seek to admit Plaintiff's September 2015 convictions for burglary, kidnapping, and rape pursuant to Rule 609(a)(1) of the Federal Rules of Evidence. *See* Dkt. No. 68 at 4-6.

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250

(S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and ... theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

In the present matter, as to the first factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all Rule 609(a)(1) felonies are not equally probative of credibility. *See Estrada*, 430 F.3d at 617-18. Here, Plaintiff's convictions for robbery, kidnapping, and rape are not particularly probative as to honesty and veracity. *See id.* However, burglary and kidnapping are both crimes that rank high on the "scale of probative worth" for "abuse of trust and as crimes "requiring planning or preparation." *Id.* at 618. Moreover, as to the crime of rape, Plaintiff has alleged that this conviction is part of Defendants' motivation for assaulting him. According to his complaint, Defendant Mehalick allegedly warned Plaintiff that "there would be consequences" for being a sex offender and he also allegedly called Plaintiff a "wetback rapo" immediately prior to the assault. *See* Dkt. No. 1 at 4. As such, this evidence is directly relevant to Plaintiff's constitutional claims.

As to the second factor, Plaintiff was convicted for these crimes in September 2015, and he remains incarcerated as a result of these crimes. As such, this factor weighs in favor of admission.

"'The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is.'" *Somerville v. Saunders*, No. 9:11-cv-556, 2014 WL 272415, *9 (N.D.N.Y. Jan. 24, 2014) (quoting *Stephen v. Hanley*, No. 03–CV–6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009)). "On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause 'unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts.'" *Id.* (quoting *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993)). Here, there is no similarity between Plaintiff's burglary, rape, and kidnapping convictions and the conduct at issue in this trial. As such, this factor weighs in favor of admission.

Finally, it is undisputed that Plaintiff's credibility is a central issue in this case. "[W]here the credibility of a given witness is particularly important because there is little other documentary or supporting evidence and 'success at trial probably hinges entirely on [the witness's] credibility with the jury,' the fourth factor weighs in favor of admission of the prior conviction." *Id.* Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes pursuant to Rule 609.

In addition to the factors discussed above, the Court must also consider the standard Rule 403 factors: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, these factors also weigh in favor of permitting Defendants to question Plaintiff regarding the statutory name and date of conviction. Limiting the evidence to the statutory name and date of conviction reduces any risk of unfair prejudice.

5

Based on the foregoing considerations, the Court finds that the probative value of the fact and name of Plaintiff's felony convictions and the date of conviction outweigh the prejudicial effect of this evidence. *See Young v. Calhoun*, No. 85 CIV. 7584, 1995 WL 169020, *4 (S.D.N.Y. Apr. 10, 1995) ("As plaintiff's complaint concerns events that occurred during his incarceration [ ], the jury will be informed that plaintiff has been convicted of a crime by the very nature of the case"). However, the probative value of the nature of the underlying convictions is substantially outweighed by the danger of unfair prejudice. *See United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense"). Of course, in the event that Plaintiff opens the door on this issue, by attempting to bolster his own credibility or raising the issue of his underlying convictions, Defendants will be permitted to cross-examine him on the relevant details of these convictions.

Based on the foregoing, this aspect of Defendants' motion *in limine* is granted in part and denied in part.

**C.    Evidence or Argument of Conspiracy**

Defendants contend that, since Plaintiff has not advanced a conspiracy claim, he should be precluded from eliciting testimony or argument that Defendants, their peers, or employer (DOCCS) conspired to assault Plaintiff or cover-up the January 2018 incident. *See* Dkt. No. 68 at 6-7. The Court agrees.

Any evidence of a conspiracy is irrelevant, as it has no tendency to make a fact "more or less probable than it would be without the evidence" and is of "no consequence in determining the action." Fed. R. Evid. 402. Plaintiff has implicated a finite number of Defendants with specific

motivations, *i.e.*, because of his Hispanic background and the fact that he was convicted of a sex offense.

Morever, Plaintiff argued in his complaint that Defendants' actions were covered up by two administrators with DOCCS (Venettozzi and Miller) but the Court has already dismissed those claims and those individuals are no longer defendants in this case. *See* Dkt. No. 14 at 13-15. Additionally, even if this evidence was relevant, it is nonetheless subject to preclusion because its probative value is "substantially outweighed" due to "unfair prejudice." Fed. R. Evid. 403. Any discussion of an alleged conspiracy would confuse the issues and mislead the jury.

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

**D.     Disciplinary Determinations**

Defendants argue that Plaintiff should be precluded from introducing evidence of certain disciplinary determinations. *See* Dkt. No. 68 at 7-9. Specifically, Defendants note that, after the January 2018 incident, DOCCS conducted a Tier III Superintendent Hearing for Plaintiff's disciplinary violations at Great Meadow Correctional Facility ("Great Meadow C.F."), during which Plaintiff was found guilty of violent conduct, assault on staff, and interference with an employee. *See id.* at 7. That guilty determination was reversed on appeal and ordered for a rehearing on the ground that there was "potentially relevant video evidence ... [that was] inappropriately denied by [the] Hearing Officer." *Id.* at 8. The rehearing was ordered to take place within fourteen days of the April 12, 2018 reversal. *See id.* However, the rehearing did not commence until May 18, 2018 at Upstate Correctional Facility ("Upstate C.F."). *See id.* Accordingly, Plaintiff's hearing was administratively dismissed for untimeliness around July 2018. *See id.*

7

Here, the Court agrees with Defendants that Plaintiff should be precluded from introducing this evidence because its probative value is substantially outweighed by the possibility of unfair prejudice, and because it will confuse and mislead the jury.  As Defendants note, their conduct did not lead to the reversal of Plaintiff's disciplinary determinations.  Rather, it was reversed because the hearing officer improperly denied Plaintiff access to potentially relevant video evidence and then failed to conduct the rehearing in the time required.  These procedural shortcoming were unrelated to the merits of the disciplinary charges brought against Plaintiff.

Accordingly, the Court grants this aspect of Defendants' motion *in limine*.

E.     **Missing Body Camera Footage**

As noted above, Plaintiff's initial disciplinary determination was reversed for the hearing officer's denial of "potentially relevant" body camera footage.  *See* Dkt. No. 68 at 7.  Throughout discovery, Plaintiff repeatedly sought disclosure of "body camera footage" from the January 2018 incident.  *See id.* at 9.  Defendants repeatedly denied these requests, however, since no such video exists.  *See id.*  As such, Defendants argue that Plaintiff should be precluded from eliciting testimony or arguments concerning any such footage.  In a follow-up letter dated March 28, 2023, Defendants' counsel indicates that it is seeking to withdraw this request and explains that, while there is no body camera footage available, a review of the handheld footage from Plaintiff's escort reveals that Sergeant Bascue, who responded to the incident, actually wore a body camera on January 22, 2018.  *See* Dkt. No. 75.  Defendants note that, while the body camera Sergeant Bascue wore was not used, "but we feel it is necessary to offer an explanation as to why no body camera footage existed, rather than to have the Court prevent the issue from being discussed at all." *Id.*

Based on Defendants' letter dated March 28, 2023, the Court deems this aspect of Defendants' motion *in limine* as withdrawn.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, Defendants' submissions and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 68) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 29, 2023
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge